## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HAMLET GARCIA, JR.,

     Plaintiff,

v.                                      Case No. 8:25-cv-857-TPB-NHA

KATHRYN KIMBALL MIZELLE, et al.,

     Defendants.

_____/

## ORDER DISMISSING CASE WITH PREJUDICE
## AND VEXATIOUS LITIGANT WARNING

This matter is before the Court *sua sponte* on Plaintiff Hamlet Garcia, Jr.'s *pro se* complaint, filed on April 7, 2025. (Doc. 1). Upon review of the complaint, court filings, and record, the Court finds as follows:

Garcia filed the instant suit against a district judge and the Clerk of Court for the Middle District of Florida, along with unidentified support staff, based on a filing ban placed against him in a separate case. In that case, it appears that Garcia sought to intervene, but his request to intervene was ultimately denied by written order on January 31, 2025. *See Federal Trade Commission v. Start Connecting LLC*, No. 8:24-cv-01626-KKM-AAS (M.D. Fla. 2024), at Doc. 126. Subsequently, Garcia continued to file notices and documents, in addition to emailing Judge Mizelle's chambers directly. Judge Mizelle warned him about his excessive and unauthorized filings on numerous occasions, including on February 21, 2025.

> Mr. Garcia is not a party to this lawsuit and his requests to intervene have been denied. Nonetheless, Mr. Garcia persists in his efforts, filing numerous submissions and emailing chambers over 25 times during the last month. Two admonitions. First, any communications regarding a case should be filed on the public docket and not directed to chambers directly. Second, as Mr. Garcia has already been warned, continued behavior of this sort will not be tolerated. Judicial time and resources are wasted responding to phone calls, e-mails, letters, and voluminous pleadings and filings of various sorts. These resources are, of course, diverted from legitimate, meritorious claims.

*See id.*, at Doc. 139.  Despite these warnings, Garcia continued to file more documents.  Finally, on March 3, 2025, Judge Mizelle barred Garcia from submitting any documents in that case absent the signature of counsel admitted to the Middle District of Florida bar.  *See id.*, at Doc. 156.  She specifically directed the Clerk to "delete, disregard, or otherwise reject any submissions Garcia submits, or causes to be submitted, in this case absent the required signature of counsel."

In this case, Garcia essentially argues that rulings against him, including the filing ban, have violated his constitutional rights, and he seeks declaratory and injunctive relief.  Because Garcia is proceeding *pro se*, the Court more liberally construes the pleadings.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his

authority." *McCullough v. Finley*, 907 F.3d 1324, 1331
(11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20,
2020). Importantly, "judicial immunity is an immunity from suit, not just from
ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing
*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge
Mizelle is entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL
2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from
injunctive relief and money damages where plaintiff alleged that judge violated his
constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40
(holding that federal judges are entitled to absolute judicial immunity from
injunctive relief and money damages for acts taken in their judicial capacity unless
jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)
(explaining that judge will not be deprived of immunity even if action was in error,
done maliciously, or in excess of his authority, and he is only subject to liability in
the clear absence of all jurisdiction). Because Garcia's allegations emanate from
actions taken by Judge Mizelle in her official judicial capacity during proceedings
over which she had jurisdiction, she is absolutely immune from civil liability,
including Garcia's requests for injunctive and declaratory relief.

In addition, Clerk of Court Elizabeth Warren and "Does 1 through 10" are
entitled to absolute immunity for alleged conduct undertaken on direct order from

the judge.[1]  *See Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (citing *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).

**Simply put, if Garcia is unhappy with a ruling (such as a filing ban), he has an available remedy – he can appeal that ruling.  But he does not have the ability to sue the judge who implemented a filing ban and the Clerk of Court who enforced the ban.**

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile.  *See McCree*, 2020 WL 2632329, at *1 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  In this case, amendment would be futile because the defendants are entitled to absolute immunity.  As such, the complaint is due to be dismissed without leave to amend.

**Garcia is warned that if he files frivolous cases in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Garcia without first obtaining prior leave of the Court.**

---

[1] According to the complaint, Does 1 through 10 are "unidentified court staff, administrators, or agents who participated in or enforced unconstitutional or unlawful restrictions described herein."

Page 4 of 5

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Garcia's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**, without

leave to amend.

(2) The Clerk is directed to terminate any pending motions and deadlines,

and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of

April, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE